(Court of Appeal, Parish of Orleans.)

ALBERT J. NELSON, vs. L. SCHREIBER AND SONS CO.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "E."

Rouse & Grant & W. B. Grant, for Plaintiff and Appellant.

H. H. Chaffe, Curator ad hoc.

Dart & Kernan, for Defendant and Appellee.

DUFOUR, J. The plaintiff was by verbal contract employed by defendant as their agent in this City to take orders and secure contracts for structural and ornamental iron work.

He was to forward to defendant's main office in Cincinnati all original plans and specifications; the propositions were to be net, and he was to add his commission and put in the proposition with his commission added. On account of competition the commission was to be reasonable. In such cases plaintiff was to have the preference, and if he could secure a higher price than defendant's proposition called for he was to receive his regular commission, and any thing secured above that was to be divided equally between the parties.

There was a commission guarantee of $40 per month.

The appointment of the agent was made in May 1900 and he was discharged in November 1902.

Whereupon plaintiff sued on two accounts, an office expense account, and a commission account; his demand was rejected as to all his claims except $40 for commission guarantee for December 1902, which was correctly allowed on the theory that the employment was by the year and not by the month.

Defendants acquiesce in the judgment against them for that amount and plaintiff has appealed.

As to the first items claimed there is conflict between Haehnle, the representative of the defendant, and the plaintiff.

The former states that the rent, porter, and telephone charges alone were assumed by defendant, and the plaintiff claims that in

addition, he should be re-imbursed for a typewriting machine and ribbons, postage, carfare, etc.

The correspondence between the parties showing the interpretation placed by them on their agreement, fairly sustains Haehnle's recollection.

Our learned brother of the district court, in the course of an able and exhaustive opinion which, for its masterly array of facts and its keen appreciation of their significance, cannot be too highly commended, says.

"The claim for re-imbursement is clearly an afterthought. Every expression of plaintiff in the letters referred to is indicative of a full understanding that he was to bear those expenses and that defendant was to pay only expenses as he was regularly paying.

Because, in its letter of May 10, 1900, defendant agreed to pay telephone, porter expenses, etc.; because in its letter of May 26, 1900, defendant directed plaintiff to pay the freight on some blotters sent him and to keep an itemized account of all such expenses to be adjusted later on; and because in its letter of February 8, 1906, defendant wrote "please understand that we do not want to dispense with any expenses that would be detrimental to the proper operation of the office" does not alter the situation. The *etc.* in the letter of May 10 may well have been the office rent. The freight on the blotters sent to plaintiff by defendant for advertising purposes could not with propriety be charged to the former, and he was directed to keep account of *such expenses* only for future adjustment. Had he believed that there was anything to adjust in the way of such expenses, he would not have waited over two years and until he was discharged to demand reimbursement, and when, in July, 1901, he sought reimbursement of a small bill of $2.36/100, he would not have remained silent as to the four hundred and odd dollars appearing from *his present* account to have *then* been due, if he had thought himself entitled to claim them. As to the defendant's declared unwillingness to dispense with anything necessary to the proper operation of the office, that is an isolated expression which is of no import, when

69

weighed with the balance of the correspondence. It is not improbable that he would have accepted and conducted an agency on a guarantee barely sufficient to meet current expenses.

He did not depend upon that agency alone for a living; he had an apparently lucrative employment with the N. O. Roofing and Metal Works, and had hopes of securing other agencies. He was required to give to defendant's business only such time as he could spare from his other employment. There is absolutely no foundation for plaintiff's demand for re-imbursement of the expense itemized in Schedule A and footing $627.44/100.

So far as the claims for commission are concerned, we have examined in the light of the agreement stated at the beginning of this opinion."

The only items in dispute in this court are Nos. 7, 8, 10, 12, 13, 14, 15, and 16. Item 7 is rejected because Nelson in a letter of September 8, 1900, admits that "of course it remains with you as to whether you will allow me a commission or not, as I did not send in the order personally."

Item 8 is rejected because the figure was net proposition, making no allowance for a commission.

Item 10 is rejected because the order was to be executed outside of the jurisdiction of plaintiff's agency, and was really secured by another agent of the company.

Items 12, 13 and 14 were closed as net propositions and hence, under the contract, no commission was earned.

Item 15 is rejected because he did not personally secure the order, and practically admitted that he had no right to a commission by not including it in the memorandum of claims submitted by him to the company's representative who came to this City to confer with him at the time of his discharge.

Item 16, for December guarantee of commission, is allowed by the judgment.

Without further reference to details, and speaking generally, it may be added that it was the contractual duty of the plaintiff to secure orders for defendant whenever he could, even though he thereby made no commission, that some of the claims now made existed at the time when final settlement were had by the

70

parties, in which they were not included, and to which no protest or reservation was made, and that defendants are not charged with having acted in bad faith.

Judgment Affirmed.

Dec. 11, 1905.

Rehearing refused Jan. 9, 1906.